## MURPHEY v. THE STATE.

115　201
119　219

The evidence was not sufficient to warrant the conviction, and a new trial should therefore have been granted.

Submitted March 17,—Decided March 26, 1902.

Accusation of trespass. Before Judge Taliaferro. City court of Sandersville. February 1, 1902.

*J. A. Robson*, for plaintiff in error.
*J. E. Hyman, solicitor*, contra.

LUMPKIN, P. J.　Section 220 of the Penal Code reads as follows: " If any person shall willfully enter, go upon, or pass over any field, orchard, garden, or other inclosed or cultivated land of another, after being personally forbidden so to do by the owner or person enti-tled to the possession for the time being, or authorized agent thereof, he shall be guilty of a misdemeanor." The plaintiff in error was convicted of a violation of this section, and complains here of the overruling of a motion for a new trial. The accusation charged that he did, " after having been personally forbidden so to do by Wiley Smith, the owner thereof, enter, go upon, and pass over cer-tain pasture lands belonging to said Wiley Smith, the said pasture lands being then and there inclosed." The only evidence intro-duced at the trial was the testimony of Wiley Smith, as follows: " I know Gordon Murphey; was in my store on 21st Jan., 1902. We had some words, and I ordered him to leave my premises and never to put his foot upon my place again. He left and went to one of my negro houses on the place, remained a few minutes, and then went to another house on my place, and then in a little while went into and down the public road for some distance. He then got over my fence and went a path across my pasture land, which was inclosed. There was a gate on back side of pasture fence. There is a path across my pasture that leads to the railroad shanties. I have al-lowed my neighbors to travel that path for more than seven years, but have always reserved to myself the right to say who should go across my field. The gate I used to turn my stock into the field, which had been inclosed for several years. Very little, if any, nearer the defendant's home than by public road. The land belonged to me, and [was] in Washington county, State of Georgia. Post-

office at my store." The accused made a statement in these words: "Mr. Smith and I fell out about a chimney at his store, on the 21st Jan., 1902, and he ordered me to leave his place. When I got down the road I hesitated for a little while as to whether or not I would go and finish the chimney. I decided not to do it; so got over the fence and went to the railroad shanties. That path I travel was my nearest way home, and I had never been forbidden to cross that pasture, and did not think I was doing wrong. I was then arrested for trespass."

We think the testimony in this case was insufficient to warrant a conviction. As will have been seen, the accused was ordered to leave the " premises " of the prosecutor, and further notified not to again put his foot upon the prosecutor's " place." This was not an explicit notice to the accused not to use the much-frequented path across the pasture belonging to the prosecutor. The most natural construction of the language used by the latter was that he did not desire the accused to again enter his store or the premises immediately surrounding the same. It does not appear that the pasture referred to was a part of or even adjacent to these premises. Indeed, it seems to have been a considerable distance therefrom, and whether or not the prosecutor owned the intervening land between his store and the pasture was not disclosed by his testimony. The essential element of the offense under the code section above cited is: that the act of entering upon or passing over the land of another after being forbidden so to do shall be " willfully " committed. Of course, if, after explicit directions by the owner not to go upon his inclosed land, the person receiving the notice should do so without some legally sufficient excuse, his conduct would amount to a willful disregard of such notice; but it ought in every case of this kind to be made to clearly appear, not only that the notice given to the accused was intended to apply to the particular lands alleged to have been unlawfully entered upon, but also that such notice was conveyed to him by language sufficiently explicit to enable him to so understand. The evidence in the present case does not bring it within this reasonable and manifestly proper rule, and therefore a new trial should have been granted.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*