## 39356. RAYBURN v. THE STATE.

SMITH, Justice.

Elmer Rayburn appeals his conviction of criminal trespass in the State Court of Fulton County by a trial court sitting without a jury. He was charged with entering the downtown Atlanta Greyhound bus terminal after receiving a prior notice from an authorized representative of the owner that such entry was forbidden. On appeal Rayburn attacks the constitutionality of the criminal trespass statute and contends that the notice given him by Greyhound was inadequate. We affirm.

The evidence introduced at trial showed that the Greyhound bus terminal houses a snack bar, a Burger King restaurant, and passenger loading and unloading areas. On July 15, 1982, Officer D. R. Scheib, a Greyhound security officer, observed appellant enter the main lobby of the bus terminal and walk toward the Burger King restaurant, which may only be entered by passing through the lobby area. The officer recognized appellant as a person who frequented the terminal and who had been warned repeatedly to stay out by Greyhound security personnel. According to Scheib, appellant was intoxicated. Scheib arrested appellant for criminal trespass. At trial, appellant admitted entering the bus terminal in spite of prior warnings and confrontations with security personnel, but contended that he entered the terminal that night solely for the legitimate purpose of buying a cup of coffee at the Burger King.

1. Appellant challenges the constitutionality of the criminal trespass statute, claiming that OCGA § 16-7-21 (b) (Code Ann. § 26-1503) is void for vagueness and violates due process. Identical arguments were made by appellant and rejected by this court in *State v. Raybon,* 242 Ga. 858 (252 SE2d 417) (1979), where we upheld the constitutionality of the statute. We see no reason to disturb that ruling, or to consider anew appellant's contentions on this issue. Nor do we agree with appellant's assertion that public policy requires that we reverse his conviction.

2. In his remaining enumeration of error, appellant argues that he was not given proper notice that he was forbidden to enter Greyhound property prior to his July 15, 1982 arrest. Notice is an essential element of the offense of criminal trespass, and must be proven by the state beyond a reasonable doubt at trial. See OCGA § 16-7-21 (b) (2) (Code Ann. § 26-1503). Inherent in the statute's notice provision is a requirement that notice be reasonable under the circumstances, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter. See *Murphey v. State,* 115 Ga. 201 (41 SE 685) (1902).

Here the arresting officer testified that he had personally told the appellant on numerous occasions to stay out of the bus terminal; that appellant frequented the terminal and was well known to security personnel there; that the officer had previously observed appellant loitering at the terminal and had in fact arrested him once for criminal trespass; and that in July 1981 he had given appellant a general warning to the effect that he would be arrested if he attempted to enter the terminal again. In addition, appellant himself acknowledged at trial that Greyhound employees had told him to "stay away from the bus station." Under the circumstances of this case, we find that the notice forbidding appellant from entering Greyhound property was both adequate and reasonable.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 1983.

*R. Glen Galbaugh,* for appellant.
*Hinson McAuliffe, Solicitor, Deborah S. Greene, James L. Webb, Assistant Solicitors,* for appellee.