## A89A0577. WINGFIELD v. THE STATE.
(383 SE2d 180)

Pope, Judge.

Defendant Angela Wingfield was convicted of criminal trespass to the property where her former boyfriend resided with his mother and stepfather. The record shows that on a date prior to the evening in question she had gone to the residence to return certain property belonging to her former boyfriend and to retrieve certain property in his possession which belonged to her. She took a police officer with her. The former boyfriend's parents instructed the officer to warn defendant that if she returned to their property they would prosecute her for criminal trespass. On May 13, 1988 defendant was charged with criminal trespass in response to a complaint from the defendant's former boyfriend and his mother that they had seen defendant pull into their driveway in an automobile. Defendant appeals the denial of her motion for new trial, arguing that the evidence was insufficient to sustain a conviction.

"Notice is an essential element of the offense of criminal trespass, and must be proven by the State beyond a reasonable doubt at trial. See OCGA § 16-7-21 (b) (2) . . . . Inherent in the statute's notice provision is a requirement that notice be reasonable under the circumstances, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter." *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983). We reject defendant's argument that the warning she was given was insufficient to apprise her that she was forbidden to enter the driveway of the residence. The officer who accompanied defendant on her visit to exchange property testified: "I advised her that . . . they did not want her on the property, and if she came back, she would be arrested for criminal trespass." Defendant testified that the officer informed her "[n]ot to come over there anymore, and I fully understood her." Defendant admitted that the officer had told her "not to come back to [the address in question]." Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the essential elements of trespass, including the requisite notice of warning, beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

We also reject defendant's argument that no evidence was presented that the driveway she was accused of entering was part of the property in question. At trial, the defendant's former boyfriend referred several times to the driveway in question as "my driveway."

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 5, 1989.

*Kathleen J. Anderson*, for appellant.
*Ken Stula, Solicitor, Kristopher Shepherd, Assistant Solicitor*, for appellee.