## S90A0801. DANIEL v. THE STATE.
(397 SE2d 286)

BELL, Justice.

Thomas Bell Daniel appeals his conviction for criminal trespass, OCGA § 16-7-21 (b) (2).[1] In his enumerations of error he contends that the criminal-trespass statute is unconstitutional as applied to him; that the admission of out-of-court declarations was error; and that one of the trial court's instructions to the jury was error. For the reasons we give in the rest of this opinion, we find that these contentions present no reason for us to reverse the judgment. However, Daniel also contends that another instruction by the trial court was erroneous because it was not adjusted to the evidence. As we shall explain, we find that this contention has merit, and that the error requires reversal of the judgment.

1. There was evidence that Daniel frequented a privately-owned shopping mall, and that during one of his visits he received notice from a properly-identified mall representative that Daniel was forbidden from returning to the mall. Daniel returned to the mall and was arrested. Considering the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Daniel guilty of criminal trespass beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error Daniel contends that the criminal-trespass statute, OCGA § 16-7-21 (b) (2), is unconstitutional as applied to him. We conclude that this contention has no merit, because Daniel has failed to demonstrate that he satisfied his burden "to introduce evidence in support of his contention that the statute unconstitutionally was applied to him." *State v. Raybon*, 242 Ga. 858, 862 (252 SE2d 417) (1979). Accord *Evans v. State*, 252 Ga. 312, 319-320 (2) (314 SE2d 421) (1984). The record shows that before trial Daniel moved to dismiss the accusation on constitutional grounds, and that the trial court denied the motion after hearing argument and testimony. However, no transcript of the hearing is in the record transmitted to this Court, and we therefore have no way of ascertain-

---

[1] On August 4, 1989, an accusation was filed, charging Daniel with having committed criminal trespass on June 1, 1989. On October 24, 1989, a jury returned a verdict of guilty and appellant was sentenced. He filed a notice of appeal on October 25, 1989. The court reporter certified the transcript on March 2, 1990, and the clerk of the trial court certified the record on March 16, 1990. On March 21, 1990, the appeal was docketed in this Court. On May 4, 1990, the appeal was submitted for decision without oral argument.

ing whether Daniel satisfied his evidentiary burden at the hearing. Accordingly, we hold that Daniel's first enumeration presents nothing for our review.

3. Daniel's second enumeration of error is that the trial court erred by admitting out-of-court declarations into evidence. We find no error, as the reason Daniel contends the evidence was inadmissible was not asserted in the trial court and hence will not be considered for the first time on appeal. *White v. State*, 255 Ga. 210, 213 (3) (336 SE2d 777) (1985).

4. The third enumeration of error by Daniel is that part of the court's charge was erroneous. However Daniel's attorney requested the charge, and we hold that Daniel "is therefore barred from complaining of it." *Mason v. State*, 258 Ga. 822, 824 (3) (375 SE2d 606) (1989).

5. In his fourth enumeration of error Daniel complains of the following instruction the trial court gave the jury at the request of the state:

> It is not reasonable to infer that the State's failure to produce all available inculpatory witnesses means that their testimony would not have been inculpatory, or would have been exculpatory. For a variety of reasons the State might choose to call only some of the witnesses at trial even though others, if called, might have given corroborating testimony against the defendant. It is not reasonable to infer from the fact that there were uncalled witnesses that the uncalled witnesses would have exonerated the defendant.[2]

Daniel contends this charge was erroneous because there was no evidence there were any "available inculpatory witnesses" that the state did not produce. We agree with this contention, and therefore find that the charge was not adjusted to the evidence.

Moreover, we find that the error was harmful. For Daniel to have been convicted of criminal trespass, one of the facts the state was required to prove beyond a reasonable doubt was that Daniel had been notified he was forbidden from entering the mall.[3] Whether Daniel had received such notice was disputed at trial, with Daniel testifying

---

[2] This instruction was derived from this Court's opinion in the case of *Wilson v. Zant*, 249 Ga. 373, 385 (4) (290 SE2d 442) (1982).

[3] Daniel was convicted of violating OCGA § 16-7-21 (b) (2), which provides in relevant part that

[a] person commits the offense of criminal trespass when he knowingly and without authority: . . . [e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from . . . , upon proper identification, an authorized representative of the owner . . . that such entry is forbidden. . . .

that before he was arrested he had not received any notice that he was forbidden to enter the mall. Because the erroneous instruction implied there were available inculpatory witnesses that the state had not produced, the charge may have misled the jury during its deliberations concerning the notice issue. Under these circumstances, we hold that "we cannot say that it is highly probable that the error did not contribute to the jury's verdict," *Johnson v. State*, 238 Ga. 59, 61-62 (230 SE2d 869) (1976), and we conclude that the judgment must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 31, 1990 —
RECONSIDERATION DENIED NOVEMBER 21, 1990.

*William M. Traylor, John D. McCord III,* for appellant.
*Ralph T. Bowden, Jr., Solicitor, Andrew T. Rogers, W. Cliff Howard, Assistant Solicitors,* for appellee.