A90A1311. STOCKWELL v. THE STATE.
(400 SE2d 709)

CARLEY, Chief Judge.

An accusation was filed charging appellant with criminal trespass in that he "did knowingly and without authority enter upon the premises of Suite 310 located at 3316 Piedmont Road, after receiving, prior to such entry, notice from [Dr.] Laura D. Braswell, the rightful occupant of such premises, that such entry was forbidden. . . ." After

a bench trial, appellant was found guilty and he appeals from the judgment of conviction and sentence entered on the trial court's finding of guilt.

Appellant enumerates only the general grounds. The evidence adduced at trial established that appellant first met Dr. Braswell in 1984 while she was a professor at the Emory University School of Dentistry. After appellant repeatedly asked Dr. Braswell for dates, wrote her letters, and pursued her at work, she and the dental school dean both ordered him to stay away from the Emory campus. Dr. Braswell also told appellant not to come to her home. When appellant nonetheless appeared at Dr. Braswell's house one night in 1986, she called the police, who arrested appellant for criminal trespass. He entered a plea of nolo contendere and received a probated sentence of one year, which apparently included an admonition that he was to stay away from Dr. Braswell. Once appellant completed his probation in early 1988, he telephoned Dr. Braswell, who again admonished him to stay away from her. Five months later, Dr. Braswell left Emory and opened a private dental practice on Piedmont Road. Appellant called her office and made a dental appointment. Although Dr. Braswell's receptionist thereafter called appellant to confirm the appointment, when Dr. Braswell first learned that appellant had scheduled a visit, she instructed her receptionist to cancel his appointment. However, the receptionist was unable to reach appellant and he arrived at Dr. Braswell's office. Dr. Braswell called the police, who arrested appellant.

OCGA § 16-7-21 (b) (2) provides, in relevant part, that one "commits the offense of criminal trespass when he knowingly and without authority . . . [e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the . . . rightful occupant . . . that such entry is forbidden." Appellant urges that any prior notices given to him by Dr. Braswell did not explicitly forbid his entry into her Piedmont Road office and that his conviction for criminal trespass cannot, therefore, stand. It is true that the statute refers to "the land or premises of another person" and that appellant's conviction must be based upon evidence that he received prior notice from Dr. Braswell that entry into her Piedmont Road office was forbidden. However, in this case, there were repeated and unequivocal notices to appellant that he should stay away from *any premises* occupied by Dr. Braswell. The broad scope of the notice given to appellant is most clearly shown by Dr. Braswell's testimony concerning her *last* conversation with appellant, which was even *after* appellant had received a probated sentence and a court-ordered admonition to stay away from her. In answer to a question concerning her last discussion with the appellant, Dr. Braswell was asked "where [she] told him to stay away from [her]?" Her answer was: *"Everywhere.* Because, you

know, he seems to go — when he was banned from the school, he came on campus to my practice at Emory. When he was banned from the entire campus, he came to my home. When he was banned from my home, he came to my office. So, I — I saw this — I hate to use the word pattern, but that's why I stated don't come near me *anywhere*. Do not follow me. Do not call me. Do not anything." (Emphasis supplied.)

Having received such notice from Dr. Braswell, appellant cannot reasonably contend that his entry into her Piedmont Road office had not been forbidden. To hold that such prior notice as appellant received is insufficient to authorize his conviction for criminal trespass would vitiate the enforceability of the statute in those very circumstances where the protection thereof is needed the most. The fact that Dr. Braswell's admonition that appellant was to stay away from her "everywhere" would not necessarily authorize his conviction for criminal trespass on land or premises other than those in which she had a possessory interest does not otherwise demonstrate that Dr. Braswell's admonition would not authorize appellant's conviction for criminal trespass upon those lands or premises in which she did have a possessory interest.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Sognier and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. I agree with appellant that the judgment should be reversed because the State did not prove an essential element of the crime, compliance with the statutory notice requirement.

OCGA § 16-7-21 (b) (2) provides that one "commits the offense of criminal trespass when he knowingly and without authority . . . [e]nters upon the *land or premises* of another person . . . after receiving, prior to such entry, notice from the owner [or] rightful occupant . . . that such entry is forbidden." (Emphasis supplied.) Inherent in the statutory notice requirement, which is an essential element that must be proven by the prosecution beyond a reasonable doubt, is "a requirement that notice be reasonable under the circumstances, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter." *Rayburn v. State*, 250 Ga. 657-658 (2) (300 SE2d 499) (1983). This court has recognized that "[c]riminal trespass is . . . a location crime and its purpose is to keep the defendant off the property of others. . . . [T]he term 'premises' has varying meanings, but it is inclusive enough generally to mean land and the buildings thereon." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518) (1975). Given the plain language of the statute and the interpretations previously rendered, I am constrained to interpret the statute to

require that in order to convict a defendant for a violation of OCGA § 16-7-21 (b) (2), the defendant must have been given notice that his entry into a specific place or places is forbidden. An admonition to avoid a specific *person* wherever he or she might be, unaccompanied by any reference to specific premises occupied by that person, simply does not satisfy the statutory requirement. See *Rayburn*, supra at 657-658 (2) (prior admonition to " 'stay away from the bus station' " was sufficient to authorize a trespass conviction for entry into the main lobby of the bus terminal); *Wingfield v. State*, 191 Ga. App. 800 (383 SE2d 180) (1989) (prior warning not to return to complainant's "property" held sufficient to authorize the appellant's conviction for entering the driveway of the complainant's residence).

In the case at bar, although Dr. Braswell warned appellant to stay away from her person, and he was admonished not to go to her house or the Emory campus, it is undisputed he was never told not to enter her dental office on Piedmont Road. Moreover, given that appellant obtained a regularly scheduled dental appointment with Dr. Braswell and was permitted to enter her office, even if Dr. Braswell's prior admonitions could be considered to constitute sufficient notice, that notice was superseded by this acceptance of his request for an appointment. Accordingly, I agree with appellant that the earlier notices given by Dr. Braswell were insufficient to satisfy the statutory requirement of prior notice that his entry into her dental office was forbidden. Compare *Rayburn*, supra.

The statutory construction postulated by the majority conflicts with the Supreme Court's holding in *Rayburn* that the notice given must include an "explicit" reference to the property the defendant is forbidden to enter. Further, the majority's concern that victims in circumstances such as those presented here may go unprotected is unwarranted, for subparagraph (b) (3) of OCGA § 16-7-21 authorizes a criminal trespass conviction when one who has not previously been on notice to stay away from a specific place enters same and remains after being given notice from one in authority to depart. In addition, in appropriate circumstances a victim may seek issuance of a peace bond under OCGA § 17-6-90 or OCGA § 17-6-110.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — ▮

*Michael J. Reily*, for appellant.
*James L. Webb, Solicitor, Lawrence W. Daniel, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors,* for appellee.