A93A0912. PATTERSON v. THE STATE.
(437 SE2d 602)

POPE, Chief Judge.

After a non-jury trial defendant was found guilty of possession of a controlled substance and criminal trespass. Defendant appeals.

1. Defendant first contends the trial court erred in denying his motion to suppress. A controlled substance was found in defendant's possession when he was searched incident to his arrest for criminal trespass. Defendant argues that at the time of his arrest the arresting officer did not have probable cause to believe that defendant had committed the offense of criminal trespass; therefore, defendant contends his arrest for that crime and the subsequent search incident to that arrest were illegal and the trial court erred by denying his motion to suppress.

During the motion to suppress hearing, the arresting officer testified that he had been informed during police department meetings that the police department had received complaints about loiterers drinking and engaging in suspected drug activity on the porch shared by 820 and 822 East Bolton Street in Savannah, which was located in the area patrolled by the arresting officer. On the day defendant was arrested, the officer observed six or seven people on the porch of that house. When he approached the house and inquired why these people were on that porch, all occupants on or around the porch were identified as either a resident or a guest of a resident except defendant. The officer further testified that defendant told him he was there to visit the man who lived downstairs. When the officer asked that resident,

Jimmy Garrett, whether the defendant was his visitor, Garrett denied defendant was his visitor and further stated that he had asked the defendant to leave his porch on another occasion. After speaking to Garrett, the officer placed defendant under arrest. Thereafter he conducted a search of defendant and found a bag containing a white powdery substance, which was later determined to be cocaine.

We find no merit to the defendant's arguments that his arrest for criminal trespass was pretextual because the arresting officer did not establish the identity of the alleged victims in his report, because the State did not locate and interview any alleged victims or because the alleged victim did not swear out a warrant for defendant's arrest. Furthermore, we reject the defendant's argument that certain inconsistencies between the officer's testimony at trial and during the motion to suppress hearing constitute a basis for finding that defendant's arrest on criminal trespass charges was pretextual. The officer's testimony was consistent during the hearing on defendant's motion to suppress and any inconsistencies between that testimony and his testimony at trial were minor.

After the trial court denied defendant's motion to suppress, defendant was allowed to make an offer of proof as to testimony from Garrett. Although the record does not reflect the purpose for which this offer of testimony was made, we will assume arguendo the trial judge considered that testimony in deciding whether the contraband found on defendant's person during his arrest should be suppressed. Garrett acknowledged he told the officer on the day defendant was arrested that he did not know defendant; however, he denied telling the officer he had asked defendant to leave on a prior occasion.

"Factual and credibility determinations . . . made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974). The trial judge apparently resolved any inconsistencies between the arresting officer's and Garrett's accounts of what happened on the day of defendant's arrest in favor of the arresting officer.[1] The trial court's denial of defendant's motion to suppress is supported by the record and does not constitute reversible error in this case.

2. Defendant contends the trial court erred in finding defendant guilty of the crime of criminal trespass. We agree and reverse defend-

---

[1] Prior to making an offer of proof of Garrett's testimony, defendant attempted to establish that he was visiting the woman who lived upstairs from Garrett at the time he was arrested. A friend of defendant testified defendant was present at 820 and 822 East Bolton on the date in question because defendant had accompanied him to visit his girl friend. Thus, defendant presented contradictory versions of why he was present at 820 and 822 East Bolton on the day he was arrested.

ant's conviction on that charge.

Defendant was charged with committing the crime of criminal trespass by "knowingly and without authority, remain[ing] upon the premises of 820 East Bolton Street after receiving notice from an authorized representative of the rightful occupant to depart. . . ." The only evidence presented by the State that defendant was given notice to depart from that address and refused to do so was the arresting officer's hearsay testimony that the occupant of that address told defendant to leave his porch on another occasion. Pursuant to OCGA § 24-3-2, hearsay evidence may be presented to explain the conduct of the investigating officer and is original evidence to explain his conduct but cannot be used as original evidence to prove defendant's guilt. *Latimore v. State*, 170 Ga. App. 848 (1) (318 SE2d 722) (1984).

The State argues that Garrett's admission that he told the arresting officer he did not know defendant at the time he was arrested and his testimony that he did not remember whether he told the officer he had told the defendant to leave on a prior occasion is sufficient direct evidence to support defendant's conviction for criminal trespass. We do not agree. Notice is an essential element of the crime of criminal trespass and must be proved by the State beyond a reasonable doubt. *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983). The State failed to prove beyond a reasonable doubt that defendant had notice not to enter the porch shared by the 820 and 822 East Bolton residents. Although Garrett did not remember what he said to the officer concerning his prior conversations with defendant, he specifically testified he had never told defendant to leave the porch. While what Garrett told the officer explains the officer's conduct and can be considered by the trial court when determining if the officer had probable cause to arrest defendant, any statement by Garrett to the officer cannot constitute the basis for defendant's knowledge not to be present on the subject property. Moreover, the State did not produce evidence that the woman residing in 822 East Bolton ever instructed defendant not to enter the porch area. Accordingly, defendant's conviction for criminal trespass must be reversed.

3. In light of our holding in Division 2, it is not necessary to address defendant's remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1993 —
RECONSIDERATION DENIED NOVEMBER 3, 1993.

*Mark B. Beberman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden,*

*Assistant District Attorney*, for appellee.