## A96A1750. McCROSKY v. THE STATE.
(478 SE2d 586)

Judge Harold R. Banke.

Virginia McCrosky, an animal rights activist, was convicted of misdemeanor trespass for her actions during a demonstration at Emory University. In her sole enumeration, she challenges the sufficiency of the evidence.

The evidence, viewed in the light most favorable to the verdict, is as follows. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). On April 29, during Animal Rights Week, Officer Garrison of the Emory University Police Department observed McCrosky carrying a large banner into an Emory University Hospital parking deck. After McCrosky admitted she was there to attend an animal rights demonstration already underway and handed him a flyer, Garrison issued her a criminal trespass warning which stated in pertinent part the following: "This is to confirm that you . . . have been instructed by Officer R. D. Garrison, an authorized agent of Emory University, to leave Emory University property immediately. *You will be subject to arrest for Criminal Trespass (OCGA § 16-7-21)*

*if you return to Emory University property in the future.* In this regard you should be aware that the property of Emory University includes, but is not limited to: Emory University, Emory University Hospital, the Emory Clinic, the Center for Rehabilitation Medicine, and the Yerkes Primate Center." (Emphasis in original.) McCrosky left the parking deck after Garrison read her the warning, had her sign it, gave her a copy, and told her to leave Emory property.

About an hour later, Garrison observed McCrosky in a group of demonstrators walking up a public road running through the Emory University campus. Garrison observed her break from the crowd and run, bullhorn in hand, toward the Rollins Medical Research Building, a controlled access building owned by Emory University. As McCrosky attempted to chain herself to a lamppost by the building, yelling slogans about halting animal research, from 35 to 50 individuals followed her to the building. All but McCrosky and two others who locked arms with her returned to the road at Garrison's request. Officer Garrison again told McCrosky to leave and then arrested her when she did not. Officer Garrison testified that McCrosky had received two other written criminal trespass notices from Emory University in 1994 and 1995. *Held*:

The evidence is sufficient when a rational trier of fact, viewing the evidence to support the verdict, could find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. at 319-320. The pertinent elements of criminal trespass are: (1) knowingly and without authority; (2) entering onto the land of another; (3) after receiving, prior to such entry, notice that such entry is forbidden; (4) by an authorized representative of the owner or rightful occupant. OCGA § 16-7-21 (b) (2).

We reject McCrosky's argument that the evidence of notice was insufficient to establish the crime because the written notice did not specifically mention the Rollins facility property. The record shows that she received one written and two verbal warnings to leave the Emory campus on the day of the demonstration. Notwithstanding McCrosky's contention to the contrary, the written notice clearly extended to all Emory property and not just the parking deck. We find the notice was reasonable under the circumstances and sufficiently explicit to apprise McCrosky of the property she was forbidden to enter. *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983). McCrosky's testimony identifying the Rollins Research Center as an animal research facility on Emory property belies her insinuation that she did not know it was part of Emory University.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED OCTOBER 17, 1996 —
RECONSIDERATION DISMISSED NOVEMBER 14, 1996.

*John Matteson*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Michele T. McCutcheon, W. Cliff Howard, Assistant Solicitors*, for appellee.