A97A1769. WOOD v. THE STATE.
(490 SE2d 179)

ELDRIDGE, Judge.

This is an appeal from a criminal trespass conviction.

Marcie Wood, appellant, was divorced from the victim, Ricky L. Kinchen, on September 16, 1996. However, they had separated in February 1993, when appellant attempted suicide. Kinchen testified that he told her in February 1993 that "he did not wish to see her or have anything to do with her."

The victim moved from the marital residence at 2470 Benjamin E. Mays Drive in Atlanta and had three residences since the separation from appellant; and he had lived at 77 Crystal River Road, Riverdale, Clayton County, Georgia, since July 4, 1993. The victim had not given appellant his home address.

On January 3, 1996, appellant came to Kinchen's house, knocked on the door, ran around his house, and left after about three minutes. Kinchen did not answer the door or speak to the appellant. Two days later, Kinchen swore out a warrant for criminal trespass against appellant, alleging that "without lawful authority and with intent to come to affiant's residence after having been told to stay away by affiants [sic] who is in control of said premises." A two count accusation was drawn, in which Count 1 charged that appellant "did knowingly and without authority, enter upon the premises of Ricky Kinchen, 77 Crystal River Road, Riverdale, Ga. after receiving, prior to such entry, notice from the rightful occupant, that such entry was forbidden." At trial, the appellant denied that Kinchen ever told her that he did not want to see her again and denied getting out of her car at Kinchen's residence on the date of the incident. After the bench trial, appellant was convicted of trespass. Notice of appeal was timely filed.

The sole enumeration of error is that the evidence was insufficient to prove appellant's guilt of criminal trespass beyond a reason-

able doubt. We agree.

OCGA § 16-7-21 (b) (2) provides that the crime of criminal trespass occurs when one "[e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden." "The statute requires that a person accused of its violation shall have entered 'knowingly and without authority' after having been told that 'such *entry*' is forbidden. Both criminal intent and entry 'without legal right or privilege or without permission of a person legally entitled to withhold the right' thus are elements of the crime. [OCGA § 16-7-21 (b) (2)]; *Murphey v. State*, 115 Ga. 201 (41 SE 685) (1902)." (Emphasis supplied.) *State v. Raybon*, 242 Ga. 858, 861 (252 SE2d 417) (1979). "Notice is an essential element of the offense of criminal trespass, and must be proven by the state beyond a reasonable doubt at trial. See OCGA § 16-7-21 (b) (2) (Code Ann. § 26-1503). Inherent in the statute's notice provision is a requirement that notice be reasonable under the circumstances, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter. See *Murphey v. State*, [supra at 202]." *Rayburn v. State*, 250 Ga. 657 (300 SE2d 499) (1983); see also *Patterson v. State*, 210 Ga. App. 735, 737 (2) (437 SE2d 602) (1993); *Wingfield v. State*, 191 Ga. App. 800 (383 SE2d 180) (1989). "Essential to establishment by the state of the offense charged against defendant was a showing that his entry into the [premises] had previously been *expressly* forbidden." (Emphasis supplied.) *Scott v. State*, 130 Ga. App. 75, 78 (3) (202 SE2d 201) (1973); see also *Strozier v. State*, 187 Ga. App. 16, 17 (2) (369 SE2d 504) (1988). In *Murphey v. State*, supra, the Supreme Court reversed a conviction of criminal trespass, holding "Of course, if, after explicit directions by the owner not to go upon his inclosed land, the person receiving the notice should do so without some legally sufficient excuse, his conduct would amount to a willful disregard of such notice; but it ought in every case of this kind to be made to clearly appear, not only that the notice given to the accused was intended to apply to the particular lands alleged to have been unlawfully entered upon, but also that such notice conveyed to him by language sufficiently explicit to enable him to so understand. The evidence in the present case does not bring it within this reasonable and manifestly proper rule, and therefore a new trial should have been granted." *Murphey v. State*, supra at 202. "Criminal trespass is . . . a location crime and its purpose is to keep the defendant off the property of others." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518) (1975).

The evidence is that, in 1993, Kinchen told the appellant that he did not want to see her again. This occurred when they lived in the

marital residence. Kinchen, subsequently, moved his residence three times. Kinchen's comment to appellant was not reasonable and express notice, that nearly three years later on January 3, 1996, she was expressly forbidden to knock on his front door and to remain on his premises for three to four minutes at a completely different residence on Crystal Road.

This case differs from *Stockwell v. State*, 198 Ga. App. 206, 207-208 (400 SE2d 709) (1990), where the victim expressly told the defendant not to come to her home, and successfully prosecuted him for coming to her home; she then told him not to come to her office when he called, and prosecuted him, again, when he appeared at her office. In that case the victim made clear to the defendant that he was banned from campus, home, office, or anywhere near her, and the issue became, in essence "What part of 'no' don't you understand?"

In contrast, in the case sub judice, Kinchen merely told appellant, generally, that he did not want to see her again, not that she would be prosecuted now or in the future if she ever approached his place of residence. Such statement failed to give an express, location specific, and reasonable notice to exclude any reasonable entry onto Kinchen's premises. Accordingly, a reasonable trier of fact could not find sufficient evidence to find appellant guilty beyond a reasonable doubt of criminal trespass. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Daniel v. State*, 260 Ga. 555 (1) (397 SE2d 286) (1990); *Wingfield v. State*, supra; *Strozier v. State*, supra at 17-18. As a matter of law, appellant's conviction must be reversed.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1997.

*Lee Sexton & Associates, Robert L. Ferguson*, for appellant.
*Keith C. Martin, Solicitor, Kimberly A. Gross, Assistant Solicitor*, for appellee.