## S99A1237. TAYLOR v. THE STATE.
### (521 SE2d 814)

FLETCHER, Presiding Justice.

A jury convicted Eric Maurice Taylor of malice murder in the shooting death of Timothy Kitts.[1] Taylor appeals, contending that several jury charges were erroneous. Because there is no reversible error in the charges viewed as a whole, we affirm.

The evidence at trial showed that Taylor and Kitts were friends, but that Taylor was angry at Kitts for borrowing his bicycle without permission and for not returning it. Kitts was unarmed when Taylor, carrying a revolver, approached him on the street. Taylor was waving the gun around as the two exchanged angry words. When Kitts turned to leave, Taylor fired the gun at the back of his head.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Taylor guilty of the crimes charged.[2]

2. Taylor contends that the trial court's charge on voluntary manslaughter violated the rule of *Edge v. State.*[3] However, the jury convicted Taylor of malice murder as well as of felony murder and he was sentenced on the malice murder count. This Court has previously held that there can be no harmful *Edge* violation when the jury convicts on a malice murder charge.[4]

3. The trial court did not err in not giving a charge on involuntary manslaughter because the evidence did not support that charge.[5]

4. Taylor requested that the trial court give the statutory definition of a crime that references "criminal negligence." Because Taylor

---

[1] The crime occurred on September 23, 1996. Taylor was indicted on November 26, 1996 for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. After a two-day trial, the jury found Taylor guilty on all counts on February 11, 1997. The felony murder conviction was vacated by operation of law and the trial court sentenced Taylor to life imprisonment for malice murder, a consecutive twenty-year sentence for aggravated assault, and a consecutive five-year sentence on the possession count. Taylor filed a motion for new trial on March 13, 1997, which the trial court denied on April 19, 1999. Taylor filed a notice of appeal in this Court on April 30, 1999, which was docketed in this Court on May 20, 1999, and submitted for decision without oral argument on July 12, 1999.

[2] *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 261 Ga. 865, 867 (414 SE2d 463) (1992).

[4] *McGill v. State,* 263 Ga. 81, 83 (428 SE2d 341) (1993).

[5] *Martin v. State,* 268 Ga. 682, 685 (492 SE2d 225) (1997).

requested the instruction, he cannot assert it as error.[6] Additionally, the charge as a whole correctly instructed the jury that they could find Taylor guilty of malice murder only if they found beyond a reasonable doubt that he acted with an unlawful intention to kill without justification, excuse or mitigation.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[6] *Daniel v. State*, 260 Ga. 555, 556 (397 SE2d 286) (1990).