S00A1341. THOMPKINS v. THE STATE.
(536 SE2d 747)

THOMPSON, Justice.

Aaron Cedric Thompkins III was convicted of malice murder and possession of a firearm during the commission of a crime in connection with the shooting death of Jason McDonald. This appeal followed the denial of Thompkins' motion for new trial.[1] Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that on November 21, 1997, Thompkins was on the front porch of a friend's house in Savannah. McDonald approached on a bicycle with a friend sitting on the handlebars. When Thompkins saw McDonald, he grabbed his gun, which was hidden in a grill on the porch, and began chasing McDonald and his friend. McDonald, also holding a gun, jumped off the bicycle and ran into the street.

---

[1] Thompkins was indicted on February 25, 1998, and charged with malice murder and possession of a firearm during the commission of a crime. Trial commenced on February 22, 1999. Two days later, the jury returned a verdict of guilty on both counts of the indictment. The trial court sentenced Thompkins to life in prison for malice murder and five years (consecutive) for possession of a firearm during the commission of a crime. Thompkins' timely filed amended motion for new trial was denied on October 13, 1999, and he filed a motion for leave to file an out of time appeal on January 20, 2000. The motion was granted on January 28, 2000, and Thompkins filed a notice of appeal on February 15, 2000. The appeal was docketed in this Court on April 26, 2000, and submitted for decision on the briefs on June 19, 2000.

Thompkins cut through a side street, met McDonald head on, and fired five shots at him. One bullet struck McDonald and killed him. Thompkins fled the scene, disposed of the gun, and escaped to Atlanta.

1. The evidence is sufficient to enable any rational trier of fact to find Thompkins guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thompkins asserts that his trial counsel was ineffective in (a) failing to give notice in order to present evidence of McDonald's prior bad acts; (b) admitting in opening statement that Thompkins shot McDonald; and (c) failing to challenge three specific jurors for cause. To prevail on this claim, Thompkins must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable likelihood that the jury would have returned a different verdict. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) Trial counsel testified at the hearing on the motion for new trial that he did not give notice to present evidence of McDonald's specific bad acts because, although McDonald was charged with a violent felony, the charges were dropped when witnesses said they had been forced to give statements incriminating McDonald. In this regard counsel averred that he could not rely upon the witnesses and chose not to call them to testify in order to retain the final closing argument.

In view of trial counsel's testimony, it cannot be said that his failure to give notice of McDonald's prior bad acts was ineffective assistance. "Decisions regarding which witnesses to present are matters of trial strategy. When founded on legitimate evidentiary concerns, such decisions do not constitute ineffective assistance of counsel." *DeYoung v. State*, 268 Ga. 780, 786 (5) (493 SE2d 157) (1997). See also *Slade v. State*, 270 Ga. 305 (2) (509 SE2d 618) (1998) (matters of trial strategy and tactic should not be judged in hindsight).

(b) Trial counsel relied on the defense of justification because Thompkins alleged that McDonald shot at him before he fired shots at McDonald. Because a justification defense requires the defendant to concede that he shot the victim, it cannot be said that trial counsel was ineffective when he admitted in the opening statement that Thompkins shot McDonald.

(c) Thompkins argues that counsel was ineffective for failing to challenge three specific jurors for cause, but this aspect of his ineffective assistance claim was waived because it was not raised at the hearing on the motion for new trial. "Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court

so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987).

3. Thompkins asserts that the trial court erred when it gave a charge on felony murder because Thompkins was not given notice of the underlying felony of aggravated assault. However, Thompkins was convicted of malice murder, not felony murder; thus, Thompkins' assertion is without merit. Even if Thompkins had been convicted of felony murder, the malice murder indictment in this case charging Thompkins with causing the death of McDonald "by shooting [him] with a gun" contained sufficient facts to put Thompkins on notice that he was accused of killing McDonald as a result of an aggravated assault. *Borders v. State*, 270 Ga. 804, 807 (514 SE2d 14) (1999).

4. Thompkins asserts that the trial court erred in giving a sequential charge on murder, felony murder, and voluntary manslaughter in violation of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). However, defendant was convicted of malice murder and "there can be no harmful *Edge* violation when the jury convicts on a malice murder charge." *Taylor v. State*, 271 Ga. 497 (2) (521 SE2d 814) (1999).

5. "A trial court is duty-bound to recharge on any part of the charge when the jury so requests, but a trial court does not err by limiting a recharge to the specific points raised by the jury's inquiry." *Sinkfield v. State*, 266 Ga. 726, 727 (470 SE2d 649) (1996) (citing *Williams v. State*, 263 Ga. 135, 136-137 (429 SE2d 512) (1993)). It follows that, since the jury specifically requested a recharge on only malice murder and felony murder, the trial court did not err in limiting its recharge to those points of law.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.