## A07A0681. THE STATE v. MOREHEAD.
### (646 SE2d 308)

MIKELL, Judge.

Jonathan Morehead was charged with possession of cocaine, possession of marijuana less than one ounce, and criminal trespass. Morehead filed a motion to suppress, challenging the legality of his arrest. Finding that Morehead's Fourth Amendment rights were violated, the trial court granted his motion to suppress. On appeal, the state argues that the trial court erred because there was probable cause to arrest appellant for criminal trespass. We affirm.

When reviewing a trial court's order on a motion to suppress, we apply the "any evidence" standard: A trial court's order on

---

a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.[1]

So construed, the evidence adduced at the motion to suppress hearing shows that on July 24, 2006, Officer Carroll Eugene Campbell of the MARTA Police Department observed Morehead and his friends for five to ten minutes as they stood near the intersection of Peachtree and Alabama streets under an overhang in an area closed to vehicular traffic at the Five Points MARTA station. Without asking them why they were there, Campbell advised them that they needed to leave the property. They complied, but returned to the same area ten minutes later, at which point Campbell gave them a verbal criminal trespass warning, advising them not to return to "the property" that day. The criminal trespass warning was given at 4:45 p.m., according to Campbell's daily activity log.

Campbell further testified that later that evening at 8:39 p.m., Morehead returned to the property alone and entered the train station. Morehead was talking on his cellular phone when Campbell and another officer arrested him for criminal trespass and escorted him upstairs to the precinct. Campbell testified that the basis of the arrest was the violation of the criminal trespass warning given earlier that day. Campbell admitted on cross-examination that Morehead was not engaging in any illegal activity when he was arrested but added that Morehead had been arrested by another officer months before in the same location for the same reason.

Morehead was searched incident to his arrest and placed in a holding cell. The officers found a substance that appeared to be cocaine in the battery pack of Morehead's phone. A field test was conducted, which confirmed that the substance was cocaine. Morehead was then cited for possession of a controlled substance and taken to the jail by MARTA Officer Durks Craig Williams. Williams testified that he transported Morehead to the Fulton County jail and that when the intake officer at the jail searched Morehead, he found a small clear baggie containing marijuana in Morehead's shoe.

In his motion to suppress, Morehead argued that he was arrested without probable cause. Without making any findings of fact, the trial court agreed with Morehead and granted the motion to suppress. After construing all the evidence in favor of the trial court's judgment, we affirm.

---

[1] (Citations and footnotes omitted.) *State v. Starks*, 281 Ga. App. 15 (635 SE2d 327) (2006).

Based on the accusation in the record, Morehead was charged with violating OCGA § 16-7-21 (b), which provides, in pertinent part, that "[a] person commits the offense of criminal trespass when he or she knowingly and without authority: . . . (2) [e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from . . . an authorized representative of the owner or rightful occupant that such entry is forbidden." Our Supreme Court has held that

> [n]otice is an essential element of the offense of criminal trespass, and must be proven by the state beyond a reasonable doubt at trial. Inherent in the statute's notice provision is a requirement that notice be reasonable under the circumstances, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter.[2]

In this case, the notice given did not explicitly apprise Morehead that he could not return to the train station.

In *Rayburn*,[3] the trial court found that the notice given was sufficient where the arresting officer testified that he personally told the defendant on numerous occasions to stay out of the bus terminal, once observed the defendant loitering, had arrested the defendant once for criminal trespass, and warned him that he would be arrested if he attempted to enter the terminal again.[4] Similarly, in *McCrosky v. State*,[5] the notice given to the defendant forbidding entrance to university property was sufficient where the written notice clearly extended to all university property.[6] Here, on the issue of notice, Campbell testified that "we advised him not to return to the property [on] that particular day." The notice was given outside of the train station where, according to Campbell, Morehead was standing under an overhang near the intersection of Peachtree and Alabama streets. Therefore, Morehead could have believed that the warning applied only to that area. There was no evidence that Morehead was told that he could not return to the train station to catch a train. Weighing the

---

[2] (Citations omitted.) *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983). Accord *Wood v. State*, 227 Ga. App. 677, 678 (490 SE2d 179) (1997).

[3] *Rayburn*, supra.

[4] Id. at 657 (2). See also *Wingfield v. State*, 191 Ga. App. 800 (383 SE2d 180) (1989) (notice sufficient where defendant specifically advised that if she returned to boyfriend's parents' home, she would be arrested for criminal trespass).

[5] 223 Ga. App. 537 (478 SE2d 586) (1996).

[6] Id. at 538.

evidence about what Morehead was told and evaluating the credibility of the witness were matters solely and completely within the province of the trial court.

Based on the evidence in the record, the trial court could have concluded that the state failed to prove beyond a reasonable doubt that Morehead had been given the requisite notice.[7] Therefore, some evidence supported the trial court's conclusion that the arrest, which was based solely on the violation of an invalid criminal trespass warning, lacked probable cause. Consequently, we cannot disturb the trial court's order on the motion to suppress.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 9, 2007.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellant.
*Maranda K. Jernigan, Stephen R. Scarborough*, for appellee.

---

[7] *Wood*, supra (notice was not express and location specific). See also *Patterson v. State*, 210 Ga. App. 735, 737 (2) (437 SE2d 602) (1993) (notice insufficient where officer's recollection of notice given based on hearsay statement of resident differed from resident's testimony at trial).