## 65244. HOFFA v. THE STATE.

SOGNIER, Judge.
Armed robbery, kidnapping, aggravated assault and theft by taking. Appellant appeals on the general grounds and also contends the trial court erred by allowing an in-court identification of appellant which was tainted by an out-of-court one man showup.

Spencer Scott was sleeping in a cabin at a camp near Refuge, Georgia. He was awakened about 11:00 p.m. by someone tossing him around in his sleeping bag; a flashlight was shined in his face and he was struck in the face by appellant. A second man with appellant threatened to kill Scott; he was forced to get up, dress and go outside

and start his pickup truck. Scott was then ordered to undress and walk into a nearby pond so the men could kill him. Finally, he was allowed to return to his cabin, where he grabbed his rifle and started shooting at the two men driving away in Scott's truck. Scott's shots struck the truck, causing it to crash. The men escaped into the woods, but appellant was apprehended about 25 or 30 minutes later. Appellant denied any involvement in the incident, but Scott identified appellant positively as one of the two men who assaulted, robbed and kidnapped him, and then drove off in Scott's truck.

Although appellant enumerated two errors, his only argument is that the in-court identification was admitted improperly, and without such identification the evidence does not support the verdict.

After appellant was apprehended Scott was taken to see if he could identify appellant. Scott first identified appellant, but when appellant professed his innocence, Scott told the police that if they had another man named Ken, dressed identically to appellant and looking exactly like him, then "I don't know if this is the guy." The import of Scott's testimony was that if there was another man identical to appellant in all respects, including his name, then Scott could not say positively that appellant was one of the persons who had committed the offenses. The trial judge ruled that the out-of-court identification was not tainted, and Scott's in-court identification was admissible.

Appellant argues that because police told Scott they had one of the men, and because of Scott's reservations at the time about appellant's identity, Scott's in-court identification was tainted by the pretrial, one-on-one identification of appellant.

In addition to Scott's testimony regarding the identification of appellant at the scene of his apprehension, Scott testified that he had seen appellant at the pond around 6:00 p.m. the day of the incident, when it was daylight; he recognized appellant as the man beating him in the cabin; when Scott was forced to start his truck he could see appellant clearly from the truck's interior light when the door was opened; and while Scott was still in the truck appellant was standing in the truck's headlights and was clearly visible. Additionally, the two assailants referred to each other as Mike and Ken, and Ken is appellant's first name. Scott also described appellant's clothing to the police when they were called.

Under the circumstances of this case, we find that the trial court did not err in allowing the in-court identification. "The test is whether the identification confrontation staged by the law enforcement authorities, judged by the 'totality of the circumstances surrounding it,' is 'so unnecessarily suggestive and conducive to

irreparable mistaken identification' as to constitute a denial of due process of law." *Moye v. State,* 122 Ga. App. 14, 17 (176 SE2d 180) (1970). "Even if the pre-trial identification is 'tainted,' the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an 'independent origin.' [Cits.]" Id., at p. 18. See also *Code v. State,* 234 Ga. 90, 99 (214 SE2d 873) (1975); *Paxton v. State,* 160 Ga. App. 19, 20 (2) (285 SE2d 741) (1981).

It is clear that Scott's in-court identification of appellant had an independent origin other than merely seeing appellant shortly after his apprehension, such independent origin being his clear view of appellant during the incident. Under the circumstances, Scott's identification testimony was reliable and admissible. See *Fowler v. State,* 246 Ga. 256, 259 (271 SE2d 168) (1980). Having determined that the in-court identification was proper, the evidence was more than sufficient to support the verdict. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 22, 1983.

*Luther Strickland, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Wayne C. Tillis, G. F. Peterman III, Assistant District Attorneys,* for appellee.