## S98A0657. RUSSELL v. THE STATE.
(501 SE2d 206)

FLETCHER, Presiding Justice.

This Court previously affirmed Bobby Lee Russell's conviction for malice murder and remanded for consideration of his claim of ineffective assistance of counsel.[1] Following a hearing, the trial court rejected this claim.[2] Because Russell has failed to demonstrate that his counsel's performance was deficient, we affirm.

1. To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[3] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption.[4]

2. Russell failed to subpoena his trial counsel for the hearing below. Therefore, he has not carried his burden of showing that his counsel failed to have a blade found at the scene of the crime dusted for fingerprints; that he did not follow up on the investigation by fed-

---

[1] *Russell v. State*, 267 Ga. 865 (485 SE2d 717) (1997).

[2] The trial court entered its order denying the motion for new trial on December 4, 1997. Russell filed his notice of appeal on December 18, 1997. The case was docketed in this Court on January 16, 1998 and submitted for decision on February 5, 1998 without oral argument.

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Wright v. State*, 267 Ga. 496, 497 (480 SE2d 13) (1997).

eral agents; and that he failed to visit the scene of the crime. Even taking these contentions as true, we are unable to conclude that trial counsel's conduct was not within the acceptable range of reasonable professional performance.

Russell also contends that trial counsel failed to interview and prepare witnesses and to investigate other lines of defense. The trial court, however, found that trial counsel presented five witnesses who testified consistently with Russell's theory of self-defense. The trial court also found that counsel located one of these witnesses through his own independent investigation, and this finding is not clearly erroneous. Additionally, Russell himself testified at the hearing that he had no other defenses he wished presented.

Finally, Russell contends that trial counsel failed to present evidence that Russell had previously lost use of his left hand and therefore would have been unwilling to fight. However, because the murder weapon was a gun and Russell was right-handed, we cannot conclude that counsel's failure to present this evidence constituted deficient performance.

Therefore, the trial court did not err in denying Russell's motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1998.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.