## S99A0791. RIVERS v. THE STATE.
(516 SE2d 525)

BENHAM, Chief Justice.

Appellant Antwan Rivers was acquitted of a malice murder charge in connection with the death of Torre Wiley, but was found guilty of the felony murder of the victim, aggravated assault, and possession of a firearm during the commission of a felony.[1] He contends the judgment of conviction should be reversed because he was deprived of effective assistance of counsel at trial and because the evidence presented against him was not sufficient to authorize the judgment of conviction. We disagree, and affirm his convictions.

A specially-trained dog found the victim's body partially buried in a shallow grave in Chatham County. He had been shot four times in the right arm and chest and had died from the massive internal hemorrhaging which had resulted. Witnesses testified to having heard shots being fired and a person screaming between 5:00 and 5:30 p.m. the day before the victim was found. Two shovels and a

---

[1] The crimes took place on January 7, 1995, and appellant was arrested pursuant to a warrant a week later. He was charged in an indictment returned by the Chatham County grand jury on April 12, and his trial commenced on June 16, 1997. The jury returned its verdicts on June 17 and, on July 24, the trial court filed its sentence of life imprisonment for felony murder (the aggravated assault having merged therein) and a five-year term of imprisonment, to be served consecutively, for the possession conviction. A motion for new trial, filed July 31, 1997, and amended April 24, 1998, was denied on August 31. The notice of appeal was filed on September 17, 1998, and the case was docketed in this Court on December 31, 1998. The appeal was submitted for decision on briefs.

post-hole digger which were later determined to have been purchased the same day as the shooting were found near the victim's grave. A car found in the area contained stains and smears of the victim's blood in the driver's seat, the entire backseat, and on the backseat's door frame. Latent fingerprints on the post-hole digger found near the victim and on the magazine clip of a 9mm semi-automatic pistol found in the car's trunk matched appellant's fingerprints, as did a fingerprint imprinted in blood on the car's steering wheel. Spent bullet casings found on the car's floorboard were determined by an expert to have been fired from the 9mm pistol.

Appellant testified that he worked for the car's owner and had driven the car in the past. On the day the victim was killed, appellant said he had been given a ride in the car at 4:30 p.m. and had moved a post-hole digger which was in the backseat in order to get in the car. He stated that he had fired the car owner's 9mm pistol on New Year's Day, a week before the victim was killed, and that the pistol found in the car trunk looked like the weapon he had fired.

1. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Questions of reasonableness are generally for the fact-finder and where the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, the appellate court will not disturb the fact-finder's guilty verdict unless it is unsupportable as a matter of law. *Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). Where, as it appears here, fingerprint evidence is the sole evidence connecting a defendant with the crime, the State is required " 'to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. [Cit.]' " *White v. State*, 253 Ga. 106 (1) (317 SE2d 196) (1984). See also *Leonard v. State*, 269 Ga. 867 (1) (506 SE2d 853) (1998). While appellant presented plausible explanations for the presence of his fingerprints on the gun and on the post-hole digger, he did not explain how his fingerprint came to be impressed in blood on the car steering wheel. Where there is no evidence explaining how a defendant's fingerprints came to be at a crime scene, the jury may conclude that the only reasonable explanation for their existence is that they were impressed there during the commission of the crime. *Tyler v. State*, 198 Ga. App. 685 (2) (402 SE2d 780) (1991). See also *Leonard v. State*, supra, 269 Ga. 867 (1). The jury was properly instructed on the definitions of direct and circumstantial evidence and the standards embodied in OCGA § 24-4-6. The fact-finder's return of guilty verdicts establishes that the jury found that the State's evidence had excluded all reasonable hypotheses except that of the guilt of appel-

lant. *Roper v. State*, supra, 263 Ga. 201 (1). From our review of the evidence, we conclude that the evidence was sufficient to authorize the fact-finder to find that all reasonable hypotheses save that of appellant's guilt were excluded, and that appellant was guilty beyond a reasonable doubt. Id. Accordingly, we do not agree with appellant's assertion that the evidence was not sufficient to authorize his convictions.

2. Appellant cites two examples of trial counsel's conduct which, appellant contends, resulted in counsel rendering ineffective assistance: (A) trial counsel did not request a jury instruction which stated that a conviction based solely on fingerprint evidence could be sustained only if the prints were found under such circumstances that they could only have been impressed at the time of the crime; and (B) trial counsel failed to object to testimony from a witness for the State that placed appellant's character in issue.

Trial counsel did not testify at the hearing on the motion for new trial, but the trial court found him to have been "experienced, energetic and highly competent," an attorney who delivered "outstanding" representation and whose "alleged mistakes at trial may have been attributed to trial tactics, if they were mistakes at all."

> To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption.

*Russell v. State*, 269 Ga. 511 (1) (501 SE2d 206) (1998).

(a) The jury instruction at issue is appropriate when the only evidence against a defendant is fingerprint evidence. See *Ross v. State*, 199 Ga. App. 767 (1) (406 SE2d 101) (1991). If the facts support the giving of the charge and the charge is requested, it is reversible error when a trial court fails to give the jury instruction on fingerprint evidence. *White v. State*, 163 Ga. App. 179 (3) (292 SE2d 875) (1982). Without the testimony of trial counsel, it is impossible to discern whether his failure to request a charge to which he was entitled was purposeful or negligent. Our review of the evidence presented at trial (see *Wright v. State*, 267 Ga. 496 (2) (a) (480 SE2d 13) (1997)) leads us to conclude that, even if trial counsel was negligent in failing to request the instruction, that deficient performance could not have prejudiced appellant since the undisputed evidence showed that the

impression of his fingerprints on the bloody steering wheel could have only been placed there during the time of the crime. See *Tyler v. State*, supra, 198 Ga. App. 685 (2).

(b) When the State asked one of its witnesses how she knew appellant and the owner of the car, the witness responded that "they [were] in a drug deal with my daughter." When trial counsel objected that the witness had no personal knowledge of the fact, the witness testified that she had seen it. Trial counsel did not object to the testimony on the ground that it impermissibly injected character into the case. An attorney's failure to object to such testimony may be seen as trial strategy, i.e., avoiding an objection that would draw the jury's attention to the statement. See *Smith v. State*, 234 Ga. App. 586 (1) (a) (ii) (506 SE2d 406) (1998). "Substantial latitude" is given during judicial review of trial counsel's decisions regarding trial strategy. *Stansell v. State*, 270 Ga. 147 (2) (510 SE2d 292) (1998). Since appellant did not carry his burden of establishing that trial counsel's action fell without the wide range of reasonable professional assistance, we see no error in the trial court's determination that trial counsel was not ineffective.

Inasmuch as appellant failed to establish that any aspect of trial counsel's performance was deficient and that the deficiency was prejudicial, the trial court did not err in concluding that appellant was not deprived of the effective assistance of counsel at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1999.

*Darden & Moyers, Richard M. Darden, John D. Gatch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.