S01A1406. ANDERSON v. THE STATE.
(560 SE2d 659)

FLETCHER, Chief Justice.

A jury convicted Mozel Anderson of malice murder for shooting William Brewster to death. Although Anderson enumerates several errors on appeal, the principal issues involve the trial court's instructions to the jury. Because there is no reversible error arising from the jury charge or the other items enumerated on appeal, we affirm.[1]

---

[1] The crime was committed on October 30, 1996. On April 22, 1997, a grand jury indicted Anderson for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. A jury convicted Anderson of all counts on October 28, 1998, and the trial court sentenced her to life imprisonment for malice murder and a concurrent five years of imprisonment for the possession of a firearm conviction. Anderson moved for a new trial on November 2, 1998, and amended her motion on January 31, 2001.

On October 29, 1996, Anderson complained to her neighbors, the Brewsters, that Mr. Brewster had left oil stains on the sidewalk when he was working on his cars and the stains were aggravating Anderson's allergies. The next day, Anderson called the police about the oil stains. When the police arrived, Brewster was cleaning the stains from the sidewalk. The police spoke with Anderson and Brewster and escorted Anderson back to her house. A few minutes after the police left, Anderson retrieved a handgun from inside her home and shot Brewster twice, killing him. At trial, Anderson testified that Brewster attacked her with a shovel, and she shot him in self-defense.

1. Taking the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence from which a rational trier of fact could have found Anderson guilty of the crimes for which she was convicted.[2] Likewise, the trial court correctly denied Anderson's motion for directed verdict.[3]

2. Anderson contends that her constitutional rights were violated when the trial court met a juror and the lawyers from both sides without Anderson being present. Because Anderson never raised this issue before the trial court, she has forfeited the right to raise it now on appeal.[4]

3. Anderson also claims that the trial court committed the following errors in charging the jury: (a) failed to give the jury the correct charge on voluntary manslaughter, (b) failed to charge the jury on mutual combat, and (c) violated *Edge v. State*[5] by giving a sequential charge on malice murder, felony murder, and voluntary manslaughter. We conclude that none of these arguments provides a basis for reversing Anderson's conviction.

(a) Anderson failed to request in writing a charge on voluntary manslaughter. During the charge conference, however, the trial court inquired whether Anderson would like the jury charged on voluntary manslaughter as a lesser-included offense of malice murder, and Anderson responded affirmatively. The trial court charged the jury on voluntary manslaughter by reading the statutory definition from OCGA § 16-5-2 (a). Anderson now contends that the trial court's voluntary manslaughter charge impermissibly shifted the burden of

---

The trial court denied Anderson's motion for a new trial on March 2, 2001. Anderson filed her notice of appeal on March 30, 2001. The case was docketed here on June 20, 2001 and orally argued on September 17, 2001.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Moore v. State*, 273 Ga. 11, 12 (537 SE2d 334) (2000).

[4] See *Mullins v. State*, 270 Ga. 450, 451 (511 SE2d 165) (1999); *Senase v. State*, 258 Ga. 592, 592 (372 SE2d 813) (1988); see also *Heidler v. State*, 273 Ga. 54, 54 (537 SE2d 44) (2000).

[5] 261 Ga. 865 (414 SE2d 865) (1992).

proof and was incomplete.

The trial court correctly stated the law on voluntary manslaughter. Absent a more detailed request, we reject Anderson's challenge to the charge that was given.[6] Additionally, the voluntary manslaughter charge given in this case did not shift the burden to Anderson. The trial court charged the jury that the State had the burden to prove beyond a reasonable doubt each essential element of a crime, before the jury could convict her of that crime. The voluntary manslaughter charge that was given did not lessen, or otherwise change, the State's burden.[7]

(b) Anderson failed to request a charge on mutual combat, either orally or in writing. Yet, on appeal, she contends that the trial court should have sua sponte charged the jury on mutual combat. The trial court charged the jury on self-defense as a justification to homicide, which was Anderson's principal defense. Because mutual combat was not Anderson's sole defense and Anderson did not request a mutual combat charge, the trial court was not sua sponte required to charge it.[8]

(c) Anderson contends that the trial court violated our holding in *Edge v. State*[9] because it gave a sequential charge on malice murder, felony murder, and voluntary manslaughter. Anderson was convicted of malice murder, however, and we have repeatedly held that a violation of *Edge* is harmless when the jury convicts the defendant of malice murder.[10] Therefore, any *Edge* violation here was harmless.

4. Anderson also claims that her trial counsel provided ineffective assistance because he failed to request a broader charge on voluntary manslaughter and completely failed to request a charge on mutual combat. We find that Anderson has failed to show that her trial counsel provided ineffective assistance.

To establish that trial counsel provided ineffective assistance, a defendant must show that her attorney was deficient and that the deficiency prejudiced her defense.[11] There is a strong presumption that a trial attorney's performance falls within a wide range of reasonable professional assistance.[12] When trial counsel does not testify at the motion for new trial hearing, the defendant has an extremely

---

[6] See *Bryant v. State*, 271 Ga. 99, 101-102 (515 SE2d 836) (1999); *Williams v. State*, 255 Ga. 21, 23 (334 SE2d 691) (1985).

[7] See *Barron v. State*, 261 Ga. 814, 815-816 (411 SE2d 494) (1992).

[8] See *Chapel v. State*, 270 Ga. 151, 156 (510 SE2d 802) (1998); *Brown v. State*, 269 Ga. 67, 69 (495 SE2d 289) (1998).

[9] 261 Ga. 865.

[10] See, e.g., *Thompkins v. State*, 272 Ga. 835, 837 (536 SE2d 747) (2000); *Taylor v. State*, 271 Ga. 497, 497 (521 SE2d 814) (1999).

[11] *Rivers v. State*, 271 Ga. 115, 117 (516 SE2d 525) (1999); *Russell v. State*, 269 Ga. 511, 511 (501 SE2d 206) (1998).

[12] *Rivers*, 271 Ga. at 117; *Russell*, 269 Ga. at 511.

difficult task to overcome the presumption.[13] Judicial review of trial counsel's performance is highly deferential, and trial counsel's strategy was not unreasonable merely because appellate counsel would have pursued a different strategy.[14]

Here, Anderson's trial counsel did not testify at the hearing on her motion for new trial. Accordingly, there is no evidence explaining why trial counsel requested some charges and not others. The trial court charged the jury on voluntary manslaughter and justification, among other areas of law, and the record does not support Anderson's contention that trial counsel's failure to request a broader charge on voluntary manslaughter or a charge on mutual combat was inherently deficient.

5. Lastly, we turn to Anderson's enumeration regarding the admission of allegedly improper hearsay. At trial an eyewitness to the shooting testified that he passed by Anderson and Brewster and a police officer, while they were talking with one another. Minutes later, he saw Anderson shoot the victim, and he immediately started running down the street toward her, yelling, "I can't believe that you just shot this man over some oil, something like that was stupid, you're going to jail." This eyewitness's statement was part of the res gestae.[15] Furthermore, the trial court did not abuse its discretion in determining that the eyewitness's statement was relevant and that any prejudicial impact did not outweigh the probative value.[16]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002 —
RECONSIDERATION DENIED MARCH 25, 2002.

*Robert H. Citronberg,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.

---

[13] *Rivers,* 271 Ga. at 117; *Russell,* 269 Ga. at 511.
[14] *Harris v. State,* 274 Ga. 422, 428 (554 SE2d 458) (2001); *Mize v. State,* 269 Ga. 646, 655 (501 SE2d 219) (1998).
[15] See *Cox v. State,* 274 Ga. 204, 206 (553 SE2d 152) (2001).
[16] See *Brooks v. State,* 271 Ga. 456, 457 (519 SE2d 907) (1999); *Carroll v. State,* 261 Ga. 553, 554 (408 SE2d 512) (1991).