S02A1717. BAITEY v. THE STATE.
(571 SE2d 733)

THOMPSON, Justice.

Calvin Montez Baitey was convicted by a jury of malice murder,

felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony, in connection with the shooting death of Daniel Hardy.[1] On appeal, Baitey asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that Baitey, Hardy, and others were engaged in a game of dice. After Baitey lost his money to Hardy, Baitey left the area. He returned ten minutes later and demanded money from Hardy. Baitey then produced a pistol from his waistband and shot Hardy through the neck at close range. Baitey testified at trial that he was not present when the victim was shot.

1. The evidence was sufficient for a rational trier of fact to have found Baitey guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Baitey asserts that his Sixth Amendment right to effective assistance of trial counsel was violated in the following respects: Trial counsel did not use an investigator to gather possible witnesses; failed to contact a specific witness as Baitey requested; failed to consult with Baitey regarding strategic trial decisions; and failed to allow Baitey to tell his version of the events, advising him instead to testify that he had left the dice game altogether by the time the shooting occurred.[2]

"The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense." *Woods v. State*, 271 Ga. 452, 453 (2) (519 SE2d 918) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Rucker v. State*, 271 Ga. 426 (520 SE2d 693) (1999). And when "trial counsel does not testify

---

[1] The shooting took place on November 10, 2000. An indictment was returned on May 1, 2001, charging Baitey with malice murder, felony murder while in the commission of an aggravated assault, aggravated assault with a deadly weapon, armed robbery, and possession of a firearm in the commission of a felony. Trial commenced on October 22, 2001. On October 24, 2001, Baitey was acquitted of armed robbery and was found guilty of the remaining charges. He was sentenced on October 26, 2001 to life imprisonment for murder plus five consecutive years for firearm possession. A motion for new trial was filed on October 29, 2001, amended on November 15, 2001 and May 21, 2002, and denied on May 24, 2002. A notice of appeal was filed on June 20, 2002. The case was docketed in this Court on July 25, 2002, and was submitted for a decision on briefs on September 16, 2002.

[2] Baitey testified at the hearing on the motion for new trial that at the time of the shooting, a dozen people were gambling, drinking and using drugs; that a man offered to sell a pistol and passed it around the crowd; that he (Baitey) took the gun and cocked it; and that the pistol accidentally discharged, killing Hardy.

at the motion for new trial hearing, the defendant has an extremely difficult task to overcome the presumption." *Anderson v. State*, 274 Ga. 871 (4) (560 SE2d 659) (2002).

Baitey did not call trial counsel to testify at the hearing on the motion for new trial, nor did he proffer any evidence as to how an investigator could have helped his defense, what other witnesses would have said if they had been called to testify, or what strategic decisions about which he wanted to consult counsel. Other than his own self-serving testimony at the motion for new trial hearing, Baitey offered nothing to support his "accidental shooting" version of the events. And because Baitey elected to go forward at the hearing without trial counsel's testimony, there was nothing to rebut the presumption that counsel acted reasonably in not offering that theory of the defense. It follows that Baitey utterly failed to overcome the "strong presumption" that his counsel's performance fell within a "wide range of reasonable professional conduct" and his counsel's decisions were "made in the exercise of reasonable professional judgment." *Strickland*, 466 U. S. at 689. See also *Anderson*, supra. Because Baitey made an insufficient showing on the first prong of *Strickland*, we need not address the prejudice prong. See *Bailey v. State*, 273 Ga. 303 (5) (540 SE2d 202) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.