## A03A0181. BRANESKY v. THE STATE.
### (584 SE2d 669)

JOHNSON, Presiding Judge.

A jury found David Branesky guilty of five counts of child molestation and one count of aggravated sexual battery for acts committed against his son and daughter, who were seven and five years old at the time of the offenses. He appeals from the conviction entered on the jury's verdict, arguing that the state failed to prove venue beyond a reasonable doubt, that he was denied effective assistance of counsel, and that the evidence was insufficient to prove one of the child molestation charges. None of the enumerations has merit, so we affirm the convictions.

Viewed in a light most favorable to the verdict, the evidence shows that five-year-old M. B. and seven-year-old L. B. went to live with their aunt and uncle in January 2000. The children's mother had left the children with her grandmother, but the grandmother was not able to care for the children. Their father, Branesky, was in California in the military for about two months.

One night the children's uncle, Lee Collins, went into the children's bedroom and found the children in bed together. L. B., the male child, was on top of M. B. Her brother L. B.'s pants were pulled

down, M. B.'s gown was pulled up, and L. B. was kissing his sister and acting as if he was having sexual intercourse with her. M. B. was crying, telling him to stop, and trying to push him away. When Collins confronted the children, L. B. began to cry. Collins asked L. B. where he learned to do that. He replied that his father taught him. Collins then asked M. B. who taught her to act like that, and she replied that her father had. M. B. also told Collins that Branesky had touched her "privates." M. B. told Collins' wife that Branesky had touched her vagina with his fingers and that he tried to put his private part inside her private part, but that it would not fit.

At trial, M. B. testified that Branesky had taught L. B. to get on top of her, that Branesky had touched her front private part, that Branesky "put his finger in [her] front private part," that she had touched Branesky's private part with her hand, and that Branesky rubbed his private part on her private part.

A caseworker with the Meriwether County Department of Family and Children Services testified that M. B. told her that Branesky touched her genital area with his finger and that her brother had inserted his penis into her vagina. A psychologist testified that Branesky made L. B. get on top of M. B. and simulate sexual intercourse with her, and that he showed L. B. how to do this "by doing something to his sister."

1. Branesky claims there was insufficient evidence to support the verdict of guilty on Count 3. That count accused Branesky of committing child molestation by "making [M. B.] touch his penis." According to Branesky, the state elicited testimony from the child that she touched his penis, but the state failed to prove that he *made* her do it. Branesky's argument implies that the state needed to show that the five-year-old child was forced or compelled to touch his penis.

First, we point out that there was evidence that he made the child touch his penis. On redirect, the state asked the child: "And he *had* you touch his private?" The child replied: "Yes." Although the child did not use the word "made," a rational trier of fact could interpret the words "made" and "had" as being synonymous.

Secondly, the offense of child molestation does not require force.[1] And, even in those types of cases in which force is required, e.g., rape of a child, force may be shown by proof of physical violence, intimidation, threats, or fear, as shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him.[2] The child testified that Branesky did bad things to

---

[1] OCGA § 16-6-4.
[2] *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000).

her, was mean to her and her older sisters, kicked them, hit them in the head, and yelled a lot. The evidence was sufficient.

2. According to Branesky, the state failed to prove that any of the offenses occurred in Meriwether County. We disagree.

Generally, a criminal action must be tried in the county in which the crime was committed, and the state may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence.[3] On appeal, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.[4]

At trial, M. B., who was now six years old, was not certain of the city or county in which the crimes occurred. Yet, she testified that before living with her aunt and uncle, she lived with Branesky; and that Branesky showed L. B. how to have sex with her in the house in which they lived with Branesky. The deputy investigating the crime, who worked for the Meriwether County Sheriff's Department, testified that the allegations arose out of and occurred in Meriwether County, and that they occurred at Branesky's residence on Foster Street. When asked specifically about Counts 1 through 6, the deputy replied that they occurred in Meriwether County. We note that the caseworker assigned to the case worked for the Meriwether County Department of Family and Children Services.

It is presumed that the deputy acted within his territorial jurisdiction.[5] Although the deputy did not personally witness the crimes, his testimony was not hearsay.[6] The child testified that the crime took place at a certain location, and the deputy testified that the location identified by the child is in Meriwether County. The state established that the offenses occurred in Meriwether County.

3. In three enumerations, Branesky contends he was denied effective assistance of trial counsel because his attorneys failed to object to a caseworker's testimony which he says served to bolster the children's testimony; failed to object to a comment by the children's aunt that M. B. told her of things she saw Branesky doing with M. B.'s older sisters; and failed to object to separate sentencing for Counts 1 and 2, when the counts merged as a matter of fact. None of the arguments presents grounds for reversal.

In order to show ineffective assistance of trial counsel, an appellant must show both that (1) trial counsel's representation fell below

---

[3] *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000).

[4] *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

[5] *Jones v. State*, 246 Ga. App. 596, 597 (2) (539 SE2d 602) (2000).

[6] See id. at 597-598 (2).

an objective standard of reasonableness; and (2) there is a reasonable probability that but for trial counsel's error, the outcome would have been different.[7]

(a) Branesky complains of the following testimony from a caseworker: "[W]hen I talked to the children, the children were able to tell me what happened, and I believed them in what they were telling me."

It is true that the credibility of a witness is a matter for the jury, and a witness' credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth.[8] We do not agree, however, that the testimony complained of would have required a mistrial.

In this case, the testimony at issue must be reviewed in the context in which it was given. The state did not elicit any credibility evidence from the caseworker. Instead, the testimony was volunteered during a colloquy regarding who had custody of the children just before and after the outcry was made, and whether there was a custody battle between the parents. It was at the end of a somewhat lengthy discussion about who had the children that the caseworker made the unsolicited comment. The remark was not a clear comment on the children's credibility as to their allegations of molestation. In any event, since the jury had abundant other evidence from which it could judge the victims' credibility, reversal is not warranted based on ineffective assistance of trial counsel.[9]

(b) M. B.'s aunt testified as to what the child told her regarding what happened. The aunt stated that Branesky taught L. B. "how to get on top of her. *And she has told me things of what she has seen him doing with her older sisters.*" According to Branesky, the comment improperly introduces similar transaction testimony, and his defense attorneys were ineffective for not objecting. Under *Strickland v. Washington*,[10] Branesky is required to show that counsel's deficient performance prejudiced the defense.[11] We note that the witness did not specify what "things" the child allegedly saw Branesky do. In light of the general nature of the challenged testimony, combined with the overwhelming evidence of Branesky's guilt, any possible error in not objecting to the testimony was harmless.[12]

---

[7] *Tucker v. State*, 245 Ga. App. 551, 554 (3) (538 SE2d 458) (2000).

[8] *Roberson v. State*, 241 Ga. App. 226, 227 (1) (526 SE2d 428) (1999) (physical precedent only).

[9] See *Castro v. State*, 241 Ga. App. 546, 549 (2) (527 SE2d 12) (1999) (physical precedent only); *Dickerson v. State*, 207 Ga. App. 241, 242 (2) (427 SE2d 591) (1993).

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] *Baitey v. State*, 275 Ga. 681, 682 (2) (571 SE2d 733) (2002).

[12] See *Dixon v. State*, 240 Ga. App. 644, 647 (2) (524 SE2d 734) (1999).

(c) Branesky's trial attorneys were not ineffective for failing to object to the separate sentencing as to Count 1 (child molestation by touching M. B.'s vagina) and Count 2 (aggravated sexual battery by penetrating M. B.'s vagina with his finger). The two offenses did not merge factually.

The evidence demonstrates that Branesky's convictions of child molestation and aggravated sexual battery were supported by separate facts. The child molestation conviction was supported by testimony that Branesky touched M. B.'s "front private" during the six-month period specified in the indictment. The aggravated sexual battery conviction was based on separate testimony that Branesky put his finger "in" M. B.'s private part. Therefore, the crimes did not merge, and the trial court was correct in sentencing Branesky on each count.[13] Branesky has not shown ineffective assistance of counsel.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JUNE 27, 2003.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Charles M. Lane, Assistant District Attorneys*, for appellee.

---

[13] See *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001).