A04A0175. POSLEY v. THE STATE.
(592 SE2d 504)

ELDRIDGE, Judge.

An Emanuel County jury found Melvin Lewis Posley guilty of burglary, which charge arose when Posley entered the residence of his long-time neighbor, located at 511 Augusta Street in Stillmore, and took her silver coins and silverware. He appeals, claiming he received ineffective assistance of counsel at trial and challenging the sufficiency of the evidence introduced against him. Upon review of the errors as enumerated, we affirm Posley's conviction.

1. Posley contends he received ineffective assistance of counsel at trial, because his defense attorney failed to argue against the admissibility of Posley's custodial statement; failed to call witnesses to

---

[8] *Morgan v. State*, 263 Ga. App. 32, 34 (2) (587 SE2d 177) (2003).
[9] *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992).

explain how Posley came to possess the stolen silver coins; failed to object to the admission of the coins into evidence; and failed to adequately explain to Posley his recidivist status.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. The first prong of this test cannot be met unless a defendant overcomes the strong presumption that his counsel's performance fell within a wide range of reasonable professional conduct and his counsel's decisions were made in the exercise of reasonable professional judgment. The inquiry focuses on the reasonableness of counsel's conduct from counsel's perspective at the time of trial. Thus, the courts will not second-guess counsel's decisions concerning matters of trial strategy and tactics.[1]

(a) No transcript of a motion for new trial is before this Court. Further, Posley does not cite to any such transcript or make reference to testimony from his defense attorney with regard to his claim of ineffective assistance of counsel. Apparently, Posley fails to recognize that he, not the State, has the burden to overcome the presumption that his trial attorney's representation fell within the broad range of reasonable professional conduct. "[Without trial counsel's testimony], it is extremely difficult to overcome this presumption."[2]

> Because his trial attorney did not testify on the motion for new trial, [Posley] made no affirmative showing that the purported evidentiary deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy.[3]

(b) Additionally, Posley's claims are substantively meritless and fail to demonstrate either error or prejudice.[4]

Assertions to the contrary notwithstanding, Posley's defense attorney did contest the admissibility of his custodial statement and cross-examined each witness at the *Jackson-Denno*[5] hearing with

---

[1] (Citations and punctuation omitted.) *Quintanilla v. State*, 273 Ga. 20, 21-22 (3) (537 SE2d 352) (2000).

[2] (Citation omitted.) *Rivers v. State*, 271 Ga. 115, 117 (2) (516 SE2d 525) (1999).

[3] (Citations and punctuation omitted.) *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002).

[4] See *Lloyd v. State*, 214 Ga. App. 564, 569 (2) (448 SE2d 729) (1994) (prejudicial error must be shown to reverse a conviction on grounds of ineffective assistance of counsel).

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

regard to the voluntariness of the statement. Posley has failed to identify what further arguments could have been made and how such arguments would have made a difference.

Posley claims that his attorney failed to call witnesses to explain how he came to possess the silver coins taken in the burglary; however, Posley fails to identify what witnesses he wanted his trial counsel to call and what their testimony would have been.

Posley contends his trial attorney should have objected to the admission of the silver coins into evidence. We, however, fail to see any legitimate basis for such objection, and Posley identifies none. "Failure to make a meritless objection cannot be evidence of ineffective assistance."[6]

Finally, Posley claims that his attorney failed to adequately explain to him his recidivist status. This contention is patently false. Trial counsel repeatedly informed Posley that his six prior felony convictions would result in a maximum sentence, should Posley be found guilty. Counsel clearly urged Posley to consider the State's plea offer because of Posley's recidivist status. Counsel, pre-trial, put his admonitions on the record, because "I just wanted to make sure the record was clear on that. He is scheduled to go to trial Monday morning. He has been offered 15 years by the State and he has rejected that offer." Immediately prior to trial, counsel attempted once more to ensure Posley was considering his decision to go to trial in light of recidivist sentencing. Even the trial court informed Posley of his potential sentence of 20 years without parole because of his recidivist status. That Posley ultimately reaped negative results from his choice to go to trial does not contradict the fact that his choice was an informed one.[7]

"A trial court's determination that a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[8] We find no clear error here.

2. Posley's last claim of error is a challenge to the sufficiency of the evidence introduced against him. He contends the only evidence linking him to the burglary was the silver coins. Apparently, Posley has forgotten his confession to two different police officers that he

---

[6] *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

[7] Posley also posits that his attorney's failures occurred because counsel was ill at the time of trial. While defense counsel made a single reference to "problems" he was having which required the air conditioner to be turned off, the record in toto does not support Posley's claim that trial counsel's "illness was so severe that he was not functioning to the degree guaranteed by the Sixth Amendment," especially since, as discussed above, the attorney "failures" enumerated by Posley are substantively meritless.

[8] (Citation and footnote omitted.) *Holland v. State*, 250 Ga. App. 24-25 (550 SE2d 433) (2001).

perpetrated the burglary of the victim's home. In addition, prior to his arrest, Posley called the victim's sister and,

> [h]e said that he just couldn't take it no longer. He said he was the one that went in her house that Saturday night. And I told him, I said, you kidding. He said, no, ma'am, it was me. He said, I'm the one done it. I said, why you done something like that? He said, well he was drunk and he didn't know what he was doing so he just went in there.

The above evidence coupled with Posley's girlfriend's testimony that he gave her some of the silver coins taken in the burglary is sufficient for a rational trier of fact to have found Posley guilty beyond a reasonable doubt of the offense as charged.[9]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED DECEMBER 18, 2003.

*Anne L. Durden*, for appellant.
*Steven Askew, District Attorney, Mary K. Mitchell, Assistant District Attorney*, for appellee.

---

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).