## S05A0071. WILLIAMS v. THE STATE.
### (611 SE2d 51)

### DECIDED MARCH 28, 2005.

BENHAM, Justice.

Appellant Kelvin Mario Williams was convicted of malice murder and aggravated assault in connection with the homicide of Cynthia Young, his girlfriend, who was found dead in her Fulton County apartment on December 14, 1994.[1] He appeals, contesting the

---

\* 278 Ga. 817 (607 SE2d 586) (2005).

[1] The victim died on December 14, 1994. Appellant was charged with her murder in an indictment filed on February 17, 1995. His first trial ended in a mistrial in June 1996, and the second trial commenced on December 8, 1997, and concluded on December 10, 1997, with the jury's return of guilty verdicts on the malice murder and aggravated assault charges, and not guilty verdicts on the felony murder and armed robbery charges. On December 15, 1997, the trial court filed its sentence of life imprisonment on the malice murder conviction and a concurrent 20-year sentence on the aggravated assault conviction. Appellant's retained trial counsel filed a timely motion for new trial on December 17, 1997; appellate counsel, appointed January 12, 1998, filed a second motion for new trial. Appellate counsel was allowed to withdraw in April 2002, and another attorney was appointed in June 2002 to represent appellant in post-trial proceedings. Current appellate counsel appeared on behalf of appellant at a hearing on May 11, 2004. Appellant's motion for new trial was denied that same day and

sufficiency of the evidence and the content of a jury instruction.

1. The victim was found lying on her stomach, with the four-inch blade of a knife embedded in her neck. Small incised wounds were on her forehead and neck, and pinpoint scratches that were described as defensive wounds were on her right hand. DNA testing of a bloodstain on appellant's shoe revealed it to be the victim's blood, and DNA testing of a bloodstain on appellant's shirt revealed it to be a mixture of the victim's and appellant's blood. The victim's niece testified the victim had told her she planned to pack appellant's belongings and ask him to leave her apartment. Neighbors testified appellant went door-to-door attempting to sell household goods and children's toys the evening before the victim's body was discovered.

Appellant testified he took items from the victim's home and, when the victim came toward him swinging something, he hit her in the head with an owl statue and she fell to the ground, dropping a knife. The two of them struggled for control of the knife, she dropped it, they both fell, and she did not get up. Appellant thought she was unconscious and left the apartment.

The evidence was sufficient to authorize a rational trier of fact to conclude appellant was guilty beyond a reasonable doubt of the malice murder and aggravated assault of the victim. However, the conviction and sentence for aggravated assault must be vacated because the malice murder and the aggravated assault charges merge as a matter of fact since the same evidence to prove aggravated assault as indicted (stabbing the victim with a knife) was used to prove malice murder. OCGA § 16-1-6 (1); *Williams v. State*, 277 Ga. 368 (2) (589 SE2d 563) (2003); *Baines v. State*, 276 Ga. 117 (4) (575 SE2d 495) (2003).

2. Appellant contends the trial court erred in its charge to the jury with regard to the relationship between the elements of passion and provocation in voluntary manslaughter and the crimes of malice murder and felony murder. He points to a portion of the charge instructing the jury to consider voluntary manslaughter only after finding a reasonable doubt as to the existence of malice murder. Since appellant was convicted of malice murder, error, if any, was harmless. See *Anderson v. State*, 274 Ga. 871 (3) (c) (560 SE2d 659) (2002).

Appellant also points to the trial court's third re-charge to the jury in which it informed the jury they could not find appellant guilty of felony murder if they concluded the underlying felony of aggravated assault was the result of passion and provocation, but they

current appellate counsel filed a timely notice of appeal on May 26. The case was docketed in this Court on September 24, 2004, and submitted for decision on the briefs.

would be authorized to find appellant guilty of voluntary manslaughter. The trial court's instruction was a correct statement of the law. See *Edge v. State*, 261 Ga. 865, 867, n. 3 (414 SE2d 463) (1992). Appellant contends the re-charge might have led the jury to believe that passion and provocation were relevant only as to felony murder, thereby permitting the jury to convict appellant of malice murder despite having found appellant killed the victim while acting as a result of a sudden passion resulting from serious provocation. However, in the initial charge the jury was informed a finding of malice was necessary for a homicide to constitute murder, was given the definition of express malice, and was told malice could be implied where there was no considerable provocation. Considering the charge as a whole (*Ward v. State*, 271 Ga. 62 (2) (515 SE2d 392) (1999)), we disagree with appellant's assessment of options available to the jury under the instructions given.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.