## S06A0135. DAVIS v. THE STATE.
### (629 SE2d 238)

SEARS, Chief Justice.

Kenzo Lamond Davis was convicted in 2004 of felony murder, armed robbery, and related offenses for his role in the shooting death of Clinton Perry and armed robbery of Katemous Dwight.[1] Davis appeals, arguing that the evidence was insufficient to sustain his convictions and that he received ineffective assistance of counsel. Finding no merit to these contentions, we affirm the convictions.

1. The evidence presented at trial showed that the two victims in this case, Perry and Dwight, were teenagers living in Fort Valley, Georgia. On April 16, 2003, they traveled to Atlanta to go shopping. Once they arrived in Atlanta, however, they became lost and exited the interstate to ask for directions. Upon pulling into an apartment complex to turn around and ask for directions, the victims were approached by Davis and another man. The victims asked Davis for directions to the mall, but Davis pulled out a gun and told the victims to "give it up." Dwight immediately gave up his money, but when Perry hesitated, Davis shot him in the abdomen. Perry jumped out of the car screaming, and Davis stole his money and jewelry. Perry got back in the car and the victims drove to a nearby convenience store to seek help. Perry died later from the gunshot wound.

Dwight returned with a police officer to the scene of the crime and described Davis, who was wearing a Michael Vick jersey at the time

---

[1] The crimes were committed on April 16, 2003. On October 28, 2003, Davis was indicted by a Fulton County grand jury for malice murder, three counts of felony murder, two counts of armed robbery, aggravated assault, possession of a firearm by a convicted felon, and two counts of possession of a firearm in the commission of a felony. On April 29, 2004, a Fulton County jury convicted Davis of all counts except malice murder. Davis received a life sentence for felony murder, two consecutive life sentences for armed robbery, and three five-year consecutive sentences for the possession offenses. Davis moved for a new trial on May 25, 2004. A hearing on the motion was held on April 28, 2005, and the trial court denied the motion on August 29, 2005. Davis filed a timely notice of appeal. The case was docketed in this Court on September 22, 2005, and submitted on the briefs on November 21, 2005.

of the crimes. Two witnesses who knew Davis testified about witnessing Davis rob and shoot the victim while wearing a Michael Vick jersey.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Davis guilty of the crimes for which he was convicted.[2]

2. Davis claims that his attorney rendered ineffective assistance of counsel by failing to interview his alibi witness before allowing him to testify about his alibi. In order to prevail on his claim of ineffective assistance of counsel, Davis has the burden to show that his trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[3]

At trial, Davis testified that he had been with a friend named Latasha Dantzler at the time of the crimes. After Davis' testimony, however, the State called Dantzler's employer to the stand and introduced employment records showing that Dantzler had been working at the time the crimes occurred. Davis claims that if his attorney had not failed to interview Dantzler, he would have learned that he had not been with her at the time of the crimes and that he must have been with a different friend.

Even assuming that Davis can raise a claim of ineffective assistance based on his attorney's failure to discover the falsity of a story that Davis himself provided to the attorney, we find no basis for his claim in this instance. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for a new trial hearing, it is extremely difficult to overcome this presumption."[4] Neither trial counsel, Davis, nor any other witness testified at the motion for a new trial hearing. Thus, we have no way of knowing whether counsel interviewed Dantzler before trial, and if he did, whether Dantzler confirmed the story that Davis had concocted. Davis has failed to carry his burden of showing either deficient performance or prejudice in this instance.

*Judgment affirmed. All the Justices concur.*

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[4] *Russell v. State*, 269 Ga. 511 (1) (501 SE2d 206) (1998); see also *Wilson v. State*, 277 Ga. 195, 200 (586 SE2d 669) (2003); *Rivers v. State*, 271 Ga. 115, 118 (516 SE2d 525) (1999).

DECIDED APRIL 25, 2006.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.