### S08A1318. WILCOX v. THE STATE.
(667 SE2d 603)

HUNSTEIN, Presiding Justice.

Broderick Wilcox was convicted of murder and other crimes arising out of the aggravated assault of Xavier Hines in December 2002 and the subsequent shooting death of Hines in January 2003. He appeals from the denial of his motion for a new trial[1] challenging the trial court's finding that trial counsel provided effective assistance. For the reasons that follow, we affirm.

1. The evidence at trial authorized the jury to find that appellant, also known as "Adel," was enraged at Hines over money lost in a drug deal in Albany. An eyewitness who was in a Ford Explorer with appellant on December 13, 2002 testified that, when the occupants located the gold Cadillac owned by Hines, appellant directed another passenger to shoot the victim. The passenger fired repeatedly, hitting Hines in the arm but missing Davis, the other occupant of the Cadillac. Hines later told his mother that "Adel" shot him. On January 4, 2003, appellant and a cohort armed with a Tec-9 pistol encountered Hines behind a local jazz club. Eyewitnesses heard Hines offer to return the money and saw a struggle between appellant and the unarmed victim. When the victim attempted to flee, he was shot three times, with one bullet to the left side of his chest inflicting fatal injuries. The bullets recovered from the victim were consistent with those fired by a Tec-9.

---

[1] The aggravated assault occurred on December 13, 2002; the murder occurred on January 4, 2003. Wilcox was indicted June 24, 2003 in Dougherty County on charges of murder, felony murder, two counts of aggravated assault on Hines and Tiffany Davis arising out of the December 2002 incident, two counts of firearm possession during the commission of a felony and two counts of firearm possession by a convicted felon. Wilcox was acquitted of the aggravated assault of Davis but found guilty of all the other charges on July 8, 2004. He was sentenced that same day to life imprisonment for murder, twenty years (concurrent) for aggravated assault, two five-year sentences (concurrent) for firearm possession by a convicted felon, and two fifteen-year sentences (consecutive) for firearm possession during the commission of a felony. After this Court on September 25, 2007 dismissed his appeal in Case No. S07A1907 as untimely, Wilcox was allowed to file an out-of-time motion for new trial, which was denied January 18, 2008. His notice of appeal was filed January 24, 2008. The appeal was docketed April 17, 2008 and was submitted for decision on the briefs.

The evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As its final witness, the State called Steven Griffin, who testified that, while he and appellant were at the home of Earl Lasseter, Griffin overheard appellant say that he shot an unnamed person in Albany who had "crossed" appellant in a drug deal. Appellant contends that his trial counsel was ineffective (a) for cross-examining Griffin in a manner that bolstered his testimony[2] and (b) for failing to call Lasseter as a witness at trial, who would have testified that Griffin and appellant were never together at Lasseter's home, thereby undermining Griffin's testimony. Appellant's trial counsel did not testify at the hearing on his motion for new trial. See *Davis v. State*, 280 Ga. 442 (2) (629 SE2d 238) (2006) (if trial counsel does not testify regarding the ineffectiveness claim, it is extremely difficult to overcome the strong presumption that trial counsel provided reasonable professional assistance).

To prevail on his claim of ineffective assistance of counsel, appellant had the burden to show that counsel's performance was deficient and that the deficient performance so prejudiced appellant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In deciding an ineffective assistance claim, this Court does not have to address the deficiency of counsel's performance before determining whether a defendant has carried his burden to prove prejudice. Id. at 697. We conclude that appellant failed to show that counsel's alleged deficient performance prejudiced his defense. In this regard, considering the strength of the evidence against appellant and considering the eyewitness testimony that appellant ordered the December 2002 aggravated assault on Hines and acted together with the shooter in the fatal confrontation with Hines in January 2003, there is no reasonable probability that the outcome of the trial would have been different if counsel had questioned Griffin differently and introduced Lasseter's testimony so as to undermine Griffin's testimony about the confession he overheard. See generally *Burgess v. State*, 278 Ga. 314 (1) (602 SE2d 566) (2004). The trial court did not improperly deny appellant's motion for new trial on this basis.

---

[2] The purported bolstering consisted of the tacit acceptance by trial counsel that Griffin had actually overheard appellant make the comments, in the course of trial counsel's questioning of Griffin regarding an innocent context in which the comments could have been made and a challenge to Griffin's credibility based on his embellishment of some details and the omission of others in his trial testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.