### A09A1946. JONES v. THE STATE.
(693 SE2d 549)

DOYLE, Judge.

Following a jury trial, Tyrone A. Jones, pro se, appeals his conviction of burglary,[1] contending that the trial court erred by (1) denying his motion to suppress his identification in a photographic lineup, (2) finding that he properly waived his right to counsel at trial, and (3) denying his motion for new trial based on an ineffective assistance of counsel claim. Discerning no error, we affirm.

Construed in favor of the verdict,[2] the evidence shows that a woman returned to her apartment after work as a morning television director and found her door open and her belongings in disarray. Upon entering, she heard water running in her bathroom and discovered Jones, whom she had never met, showering. The woman called 911, and, despite her attempt to keep him in the apartment, Jones escaped with some of her belongings, including electronics, a backpack, and a diamond ring. The woman got a "good look" at Jones during the encounter and was able to describe Jones to the 911 operator as Jones fled toward a nearby building.

The next day, police received information from a work crew in the nearby building that apparently stolen items were inside a vacant apartment. Police investigated and discovered most of the woman's stolen belongings, including luggage with her name on it, mixed in with Jones's driver's license. Based on this information and the photograph on Jones's license, police returned to her apartment and presented her with a photographic lineup including Jones. The woman immediately identified Jones as the perpetrator of her burglary.

A warrant was issued, and Jones was later arrested and charged with the burglary of the woman's apartment.[3] Jones signed a *Miranda* waiver form and admitted that he broke into the woman's apartment to steal property to exchange for drugs. Following a jury trial in which Jones represented himself, he was convicted of the burglary, giving rise to this appeal.

1. Jones contends that the trial court erred in denying his

---

[1] OCGA § 16-7-1 (a).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] Jones was also charged with another burglary, but he was found not guilty.

motion to suppress evidence of the pre-trial photographic identification. We disagree.

> On appeal, we will reverse a conviction based on a pretrial photo identification if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification. An identification procedure is impermissibly suggestive only if it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "This is our suspect." We need not consider the issue of irreparable misidentification unless the array is impermissibly suggestive.[4]

Here, the police assembled six photographs of men bearing similar characteristics based on the victim's description of Jones. The photographic array contains men of the same race and same general age range, with similar hair styles, clothing, and facial hair. The photographs appear to have been taken from the same distance, and they contain similar backgrounds. Based on these facts, we discern no substantial likelihood of irreparable misidentification, because the photographic array does not present an all but inevitable identification of Jones.[5] Nor was there any clearly erroneous ruling by the trial court that an officer in some other way indicated a preference for Jones.[6]

Jones also argues in support of this enumeration that the victim's subsequent in-court identification was tainted by the photographic lineup and lacked an independent origin. However, at trial the victim testified that she "got a good look at" Jones during the burglary, that she saw Jones standing in her shower, that she struggled briefly with him face to face as he attempted to flee her apartment, and that she looked at his face as he fled the building. Therefore, the victim "had ample time and opportunity to observe the defendant at the time the crime was committed[,] thereby establishing a basis for her in-court identification."[7]

2. Jones next contends that the trial court erred in concluding that he properly waived his right to counsel at trial. We disagree.

---

[4] (Punctuation and footnotes omitted.) *Russell v. State*, 288 Ga. App. 372, 373 (2) (654 SE2d 185) (2007).

[5] See id.

[6] On cross-examination, an officer denied engaging in any suggestive behavior. See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (questions of fact and credibility on motion to suppress are accepted unless clearly erroneous).

[7] (Punctuation omitted.) *Butler v. State*, 191 Ga. App. 620, 621 (2) (382 SE2d 616) (1989). See also *Hoffa v. State*, 165 Ga. App. 512, 513 (301 SE2d 679) (1983).

In order to determine whether a defendant has validly waived his right to an attorney, this Court generally inquires into whether the trial court has advised the defendant of (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. Nevertheless, our Supreme Court recently explained that it is not incumbent upon the trial court to address each of the six points with the defendant.[8] Rather, the record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver. Moreover, it is not required that the trial court probe the defendant's case and advise the defendant as to legal strategies to ensure that a waiver is intelligently made.[9]

At trial, Jones appeared with his attorney, but requested that he be allowed to represent himself with consultation from his attorney who would remain present at trial. The trial court questioned Jones on the record as to his understanding of his right to counsel, the nature of the charges, the applicability of the rules of evidence (including Jones's obligation to make objections, address the jury, and examine witnesses), the range of punishments (including the mandatory minimum sentence Jones faced as a recidivist), and possible defenses and mitigating circumstances. Jones responded that he understood these concepts — even completing the trial court's quotation of the familiar phrase that someone who serves as his own lawyer "has a fool for a client" — and he proffered defenses and mitigating circumstances. Under these circumstances, we conclude that the trial court did not err in finding that Jones knowingly and intelligently waived his right to counsel.[10]

3. Next, Jones contends that he received ineffective assistance of counsel prior to trial. We again disagree.

Under *Strickland v. Washington*,[11] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different

---

[8] See *State v. Evans*, 285 Ga. 67, 68 (673 SE2d 243) (2009).

[9] (Punctuation and footnotes omitted.) *Bradley v. State*, 298 Ga. App. 384, 385 (1) (680 SE2d 489) (2009).

[10] See id. at 386 (1).

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

if not for the deficient performance.[12] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[13] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[14]

Here, Jones's sole argument in support of this enumeration is that he is entitled to a new hearing to demonstrate counsel's lack of adequate trial preparation, despite already having had two hearings on the issue. We note at the outset that "[w]hen a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel."[15] However, to the extent that Jones attempts to allege on appeal material pre-trial deficiencies by his trial counsel, the record shows that at the hearings on Jones's motion for new trial, Jones sought only to introduce cumulative testimony from fact witnesses who testified at trial. He did not attempt to call his pre-trial counsel or other witnesses to demonstrate the deficiencies, and pre-trial counsel was not able to address any alleged failure to prepare for trial. Jones, not the State, "has the burden to overcome the presumption that his [pre-]trial attorney's representation fell within the broad range of reasonable professional conduct. Without trial counsel's testimony, it is extremely difficult to overcome this presumption."[16] Based on the record before us, Jones has failed to meet his burden under *Strickland v. Washington*.

4. Finally, Jones asserts two other enumerations of error. "However, because neither enumeration is supported in [Jones's] brief by citation of authority or argument, they are deemed abandoned."[17]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010 — 

Tyrone A. Jones, *pro se.*

---

[12] See id. at 687-688, 694 (III).

[13] See id. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[14] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[15] *Hooker v. State*, 278 Ga. App. 382, 387 (5) (b) (629 SE2d 74) (2006).

[16] (Punctuation omitted.) *Posley v. State*, 264 Ga. App. 869, 870 (1) (a) (592 SE2d 504) (2003). See also *Baitey v. State*, 275 Ga. 681, 682-683 (2) (571 SE2d 733) (2002).

[17] *Sapeu v. State*, 222 Ga. App. 509, 510 (2) (474 SE2d 703) (1996) (citing Court of Appeals Rule 27 (now Rule 25) (c) (2)).

370

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.